IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MARK JOHN PYPER<br><br>Defendant, | AMENDED ORDER<br><br><br><br>Case No. 2:07 CV 698<br><br>*Related to* 2:05CR 385<br>Judge Dee Benson |

  Defendant, Mark John Pyper, a federal inmate appearing pro se, has moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

  On March 21, 2006 Defendant entered a plea of guilty to one count of the manufacture or attempt to manufacture fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On July 20, 2006, the Court imposed a sentence of 108 months of imprisonment and 5 years of supervised release. As part of the Defendant's plea agreement with the United States, Defendant waived his right to appeal his sentence, including his right to challenge his sentence pursuant to 28 U.S.C. § 2255, reserving only the right to appeal a sentence above the sentencing guideline range. In spite of his waiver, Defendant filed the instant motion.

  The Tenth Circuit Court of Appeals recognizes that "a waiver of collateral attack brought

under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." <u>United States v. Cockerham</u>, 237 F.3d 1179, 1183 (10th Cir. 2001).  Both the terms of the written plea agreement which Defendant signed, and the statements made by Defendant and by the Court to the Defendant at the change-of-plea hearing clearly establish that Defendant entered his guilty plea knowingly and voluntarily and that he was fully aware of and agreed to the appeal waiver provisions in his plea agreement with the United States.  Defendant has not presented any evidence that he did not understand the waiver.  <u>See United States v. Hahn</u>, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc).

Under these circumstances, in accordance with the terms of the plea agreement and controlling Tenth Circuit law, the Defendant would be permitted to bring a § 2255 challenge to his sentence on either of two conditions.  First, pursuant to the plea agreement, Defendant may challenge an upward departure.  Second, pursuant to the Tenth Circuit, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."  <u>Cockerham</u>, 237 F.3d at 1187.  In his petition Defendant does not complain about either of these issues.  Accordingly, Defendant's appeal waiver is binding and the instant petition is prohibited.

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2008.

*Dee Benson*
_____

                                                Dee Benson  
                                                United States District Judge